■ In the Matter of the Claim of LYNDA CANTOR, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1974, which reversed a referee's decision and affirmed the initial determination of the Industrial Commissioner that the claimant was disqualified from benefits because she voluntarily left her employment without good cause. The claimant does not dispute that she originally gave notice of her resignation voluntarily. While she raised some question as to whether or not the precise date of leaving, May 31, 1974, was voluntary, she stated at the referee hearing that she could have remained in the employment and she also makes that statement in a letter presentation dated July 14, 1974 in the record. Her contention that she had to leave the employment because of its adverse effect upon her health presented at most a question of fact for the board as to good cause for leaving. The decision is supported by substantial evidence in the record. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of EDWARD SILLER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. Claimant refused to change the time when he began his work day, although the change was approved by his union. When he refused to start work at a new time, he was discharged. The record in this case provides substantial evidence to support the factual finding of the board that the claimant lost his employment through misconduct *(Matter of James [Levine],* 34 NY2d 491; *Matter of Miletti [Levine],* 48 AD2d 1011). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.