354 So.2d 893 (1978)
W.M. PALMER COMPANY, Petitioner,
v.
Patricia C. MEEKS, and Division of Employment Security, Department of Commerce, State of Florida, Respondents.
No. EE-397.
District Court of Appeal of Florida, First District.
January 11, 1978.
Rehearing Denied February 24, 1978.
Willard Ayres of Ayres, Cluster, Curry & McCall, Ocala, for petitioner.
*894 Kenneth H. Hart, Jr. and Alex D. Littlefield, Jr., Tallahassee, for respondents.
MELVIN, Judge.
By a Petition for Writ of Certiorari, which we treat as a Petition for Review of an Administrative Order under the provisions of Chapter 120, Florida Statutes, W.M. Palmer Company seeks review of an order of the Industrial Relations Commission affirming an order entered by an appeals referee. The order entered by the appeals referee allowed unemployment compensation benefits to Patricia C. Meeks, an employee of W.M. Palmer Company.
Patricia Meeks had advised her employer that it was the expressed wish of her husband that she resign from her employment and remain at home to take care of their children. She was not dissatisfied with her work and her employer was not dissatisfied with her. It appears that W.M. Palmer Company conducts a relatively small operation and has very few people in its employ. Because of the special type of work in which Patricia Meeks was engaged and the problem thus presented in securing someone to take her place, she was requested and she agreed to continue in her employment for a short period of time. After she had made known her desire to cease office work, Palmer discussed with her his future business plans which did not include her as an employee. Meeks did not then, or at any subsequent time, withdraw her voluntary resignation notice. Meeks continued in her work with Palmer and continued her cooperation to the end so that he would have adequate time to find her replacement or make readjustments among the existing personnel. Thereafter, such arrangements having been made, she was advised on or about October 31, 1975, that her services would not be required beyond November 7, 1975. In this posture, she considered that she had been discharged and filed her application for unemployment compensation.
The appeals referee found that Meeks had been discharged and that such discharge was not for misconduct connected with her work, thus affirming the finding of the claims examiner that she was entitled to receive unemployment benefits. This rather unique decision has been timely presented to this court for review.
Meeks voluntarily resigned her employment. It is beyond dispute that she set in motion the chain of events for the termination of her employment. Therefore, she is disqualified from receiving unemployment compensation benefits. It is in effect urged by the Commission that the action on the part of Palmer in requesting the cooperation of its employee by remaining with the company until a replacement could be found, to which the employee was in accord, resulted in her desired termination amounting to a discharge from employment. Were this court to affirm the order of the Commission, such acts of common courtesy, cooperation and mutual consideration on the part of the employer and employee would be forever discouraged. To request such consideration would place the employer in fear of having charged against his premium account unemployment compensation benefits. This court declines to accept such a tortured misconstruction of the letter and spirit of the unemployment compensation law.
In Guy Gannett Publishing Company v. Maine Employment Security Commission, 317 A.2d 183, at 187 (Me. 1974), the Supreme Judicial Court of Maine held:
"A resignation, when voluntary, is essentially an unconditional event the legal significance and finality of which cannot be altered by the measure of time between the employee's notice and the actual date of departure from the job. An employer who accepts an unequivocal notice of resignation from an employee is entitled to rely upon it, to the extent of preparing in one manner or another for the employee's absence, unless, of course, the employer chooses to return to `status quo' by rehiring the employee, or accepting a retraction of the notice."
In Duran Insurance Company v. Florida Department of Commerce, 260 So.2d 873 (Fla.2d DCA 1972), the court considered a factual situation in which the employee's *895 putative husband submitted for her a resignation from employment coupled with two weeks notice. This, the employer accepted. When this fact came to the attention of the employee, she accepted final earnings and vacation pay. Then followed the inevitable claim for unemployment compensation. The court held that the employee was not entitled to such benefits. She had accepted the fruits of the resignation submitted for her.
We hold that Meeks does not come within the letter and spirit of the provisions of the unemployment compensation law. Therefore, the order of the Industrial Relations Commission affirming the order entered by the appeals referee is hereby reversed.
McCORD, C.J., and BOYER, J., concur.