ENNIS, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondents.*
(No. 78-AB-455A, CA 11021)
587 P2d 102

Julie A. Stevens, Coos Bay, argued the cause for petitioner. With her on the brief was Oregon Legal Services Corporation, Coos Bay Regional Office, Coos Bay.

James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem, waived appearance for respondent Employment Division.

G. Jefferson Campbell, Jr., and Newhouse, Foss, Whitty & Roess, Portland, filed the brief for respondent Western Bank.

Before Schwab, Chief Judge, and Thornton, Tanzer* and Buttler, Judges.

THORNTON, J.

*Tanzer, J., did not participate in this decision.

## THORNTON, J.

Claimant appeals from a denial of unemployment compensation benefits, contending that the referee and Employment Appeals Board erred in finding that she left work voluntarily.

When claimant began work in a bank in May 1977, the operations officer either promised her a raise in three months, which he had no authority to do, or told her she would be eligible for a raise after a three-month evaluation, which was in error, because she was in a class of employes which was to be evaluated generally only after six months on the job. She was evaluated after three months anyway and told that no raise was forthcoming. On August 17, 1977, she tendered her resignation, to be effective September 16, 1977. The employer voiced no immediate objection to this. However, on August 31, 1977, the branch manager of the bank paid her for days already worked and told her not to return, as her services were no longer needed.

When asked why she had given an entire month's notice of her intention to quit, claimant admitted that it was because she was not mad enough to quit immediately. Rather, she wanted time to decide whether she really wanted to quit; she did not want to leave while other workers were on vacation; and she would have time to decide if the bank asked her to stay. Two days after she gave notice the operations officer asked her to stay, but without the raise she had wanted. She refused to stay, however, because she failed to receive the raise and felt that she had been lied to.

We agree that as of the date her resignation was to be effective claimant became voluntarily unemployed. However, we cannot agree that she left work voluntarily for the period between the date she was terminated and the date her resignation was to become effective.[1]

---

[1] A terse and cryptic memorandum opinion to the contrary, *Cantor v. Levine,* 50 App Div 2d 638, 374 NYS2d 161 (1975), is not persuasive.

[ 283 ]

■ A different decision would follow if claimant had agreed to accelerate her termination date. *Smith v. Employment Division,* 34 Or App 623, 579 P2d 310 (1978). Similarly, if the employer had paid claimant through the effective date of her resignation, her termination would not amount to an involuntary discharge. *See, Piggly Wiggly Op. W., Inc. v. State, Dept. of Emp. Sec.,* 292 So 2d 257 (La App 1974); *Guy Gannett Pub. Co. v. Maine Employment Sec. Com'n,* 317 A2d 183 (Maine 1974). However, in the instant case claimant cannot be said to have chosen to be unemployed and unpaid during the period between her termination and the effective date of her resignation.

Reversed and remanded for entry of an order not inconsistent with this opinion.