Argued and submitted June 13, reversed September 2, 1980

# EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

# SCOTT MACHINERY CO., et al
*Respondents.*

## (No. 80-AB-105, CA 16934)

616 P2d 521

Al J. Laue, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondents.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

The underlying issue in this case is whether the claimant voluntarily left his work without good cause. We take the facts from the Employment Appeals Board's findings:

"(1) The claimant worked for this employer from March of 1973 until October 8, 1979. (2) He was employed as their parts manager and was paid at the rate of $1,000 per month. (3) On October 5, 1979 [a Friday], the claimant advised the employer that he was quitting and that his last day at work would be on October 12, 1979. (4) The claimant was quitting to look for a better job with more pay and better benefits. (5) At the time claimant gave his notice, he did not have a definite offer of work with another employer. (6) On October 8, 1979 day, the employer spoke to claimant and advised him that it would not be necessary for him to work out the remainder of his notice period. (7) Claimant then left employment.[1]

Based upon these facts, the referee found that claimant's departure from work was involuntary and that he was therefore not disqualified from the receipt of benefits under ORS 657.176(2)(c). The Board disagreed and concluded that the claimant voluntarily left his job without good cause. We reverse.

ORS 657.176(2)(c) provides that:

"(2) If the authorized representative designated by the assistant director finds:

"* * * * *

"(c) The individual voluntarily left work without good cause, * * *.

"* * * * *.

"* * * the individual shall be disqualified from the receipt of benefits * * *."

In reaching his decision, the referee relied on OAR 471-30-038(2), a rule interpreting ORS 657.176(2)(c),

"(2)  The distinction between voluntary leaving and discharge is:

---

[1] The claimant testified that he was paid through noon on Monday, October 8, which was when the employer spoke to him. The employer did not contest this account.

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

It is not clear from the Board's order whether the Board considered this rule in deciding this case. However, the Board did observe that it had

"* * * held in the past that it is not necessary for the agency to adopt a rule defining this question [of voluntarily leaving work,] as the question of whether a discharge or quit has occurred involves terms which refer to 'relationships that meet certain definable legal tests.' *McPherson v. Employment Division,* 285 Or 541, [550], 591 P2d 1381 (1979)."

The Employment Division appeals, contending that it is the Division's *assistant director* 'who is to set policy, [and] adopt rules' and that the 'Board may not review the wisdom of the policy established by the administrator through rules * * *.' The Division asks us to determine the scope of the Board's review.

■ We agree with the Division that, in the area of unemployment compensation, the Division is the agency with rulemaking authority and, if a rule lies within the bounds of the Division's delegated rulemaking authority, the Board must follow that rule. However, the Board may make an initial determination as to whether the subject matter of a rule is, in fact, within the ambit of the Division's authority. If the rule is not, the Board need not follow it. In this case, we hold that the Division had the authority, and indeed the obligation, to adopt a rule expanding on the statutory phrase "voluntarily [leaving] work without good cause." ORS 657.176(2)(c).

"*McPherson v. Employment Division, supra,* held that the Unemployment Compensation Act, ORS ch 657, contains two different types of terms: (1) those that the courts have the primary responsibility to

interpret and define; and (2) those that the agency has the primary responsibility to interpret and define. Examples of terms for judicial interpretation are: employment, direction or control, and independently established business. 285 Or at 550. Such terms are for the courts to interpret because they refer 'to relationships that meet certain definable legal tests.' 285 Or at 550. Examples of terms for administrative interpretation are: good cause, unfair, unreasonable, and public convenience and necessity. 285 Or at 550. Such terms are for the agency to interpret because they call 'for completing a value judgment that the legislature itself has only indicated.' 285 Or at 550." *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979).

*McPherson* held that the administrative agency which must interpret terms such as "good cause" is the Division, through its assistant director, and not the referees or the Board. 285 Or at 551; ORS 657.610. In *Oliver,* this court held that the Division must define those terms for which it is responsible in reasonably specific rules. 40 Or App at 493, 501.

If the Division has adopted a rule interpreting a term for which it is responsible under *McPherson,* then the referees, the Board and this court must defer to the Division's interpretation. However, *McPherson* recognizes that, before following the rule, the Board may determine whether the rule is within the bounds of the Division's authority.

"The Employment Appeals Board, and the referees who are subject to its review, would not be bound to follow the assistant director's interpretation if they conclude as a matter of law that it exceeds the range of defining 'good cause' [or other terms for administrative interpretation] entrusted to the Division by the statute." 285 Or at 551, n 8.[2]

■ As a necessary prerequisite to making this

[2] In its brief to this court, the Division criticizes this language, suggesting that it "treats a question which was not before the Supreme Court, [and] does not give any statutory basis for the language * * *." These complaints are here presented to the wrong forum; they are more appropriate for the Supreme Court.

determination, the Board must consider whether the statutory term defined by a rule is one whose interpretation is for the Division. To do so, the Board evaluates whether a statutory term is, in the language of *McPherson,* one "which calls for the Division to complete a value judgment that the legislature itself has only indicated." 285 Or at 550. In accordance with *McPherson,* we hold that the Board has the limited authority to determine (1) whether a particular statutory term is one which the Division must define, (2) whether the Division has so defined the term by rule, and, (3) to determine whether the Division's definition is outside the range of its statutorily delegated authority. Of course, these are all *legal* questions, and our review of these determinations by the Board will be plenary.

The Board exercised this limited authority in this case. The Board determined that "voluntarily [leaving]" work, ORS 657.176(2)(c), was not a statutory phrase whose definition was entrusted to the Division. The Board was authorized to make this determination. However, the Board reached the wrong result.

■■    Ultimately, the courts must determine "* * * which terms in the Unemployment Compensation Act are for agency definition * * *." *Oliver v. Employment Division, supra,* 40 Or App at 491.

In *McPherson,* the court held that the "good cause" portion of the statutory phrase "voluntarily [leaving] work without good cause" called for the completion by the Division of a value judgment only indicated by the legislature. 285 Or at 550. We hold that, at least for the purposes of determining eligibility for unemployment compensation benefits, the voluntariness of claimant's departure from a job is an equally elastic concept which must be defined in a rule by the Division. *Oliver v. Employment Division, supra,* 40 Or App at 491-493.

■    The Division has the authority, indeed the

obligation, to adopt a rule expanding on the phrase "voluntarily [leaving] work without good cause." ORS 657.176(2)(c). It has done so. The rule being clear and within the Division's authority to promulgate, the Board's duty was to apply it. The facts of this case fit squarely under subsection (b) of OAR 471-30-038(2), as the referee found. The Board was obliged, under the facts it found, to hold that the claimant had not voluntarily left work.

Reversed.