Argued and submitted August 26, reversed and remanded
with instructions April 26, reconsideration granted;
former opinion withdrawn; affirmed (59 Or App 367, 650 P2d 1077)
September 15, petition for review denied November 30, 1982 (294 Or 149)

# GREEN,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (No. 81-AB-413, CA A20750)

643 P2d 1303

Jan L. Perkins, Oregon Legal Services Corporation, Klamath Falls, argued the cause and filed the brief for petitioner.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

Robert G. Klahn, Klamath Falls, waived appearance for respondent Pelican Sheet Metal, Inc.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

The central issue involved in this unemployment compensation appeal is whether claimant left his work without good cause. ORS 657.176(2)(c).[1]

The essential facts are as follows:

Claimant worked for the above mentioned employer as a sheet metal worker for approximately two and one half years until December 22, 1980. His hourly rate was $8 per hour. Claimant received a job offer from another firm and gave his employer two weeks notice that he would be leaving on December 24. The new job was to begin January 5, 1981, and would pay $9 per hour. Claimant reported for work at his old job on December 22, but did not actually perform any work that day. Instead, claimant quit that day because he was dissatisfied with his job assignment for that day and with the higher pay rate being offered his replacement. That was three days before the end of his notice period. When claimant reported for work at the new job on January 5, his new employer informed him that due to the reduction in work orders, no job was available. Claimant then filed his claim.

■ The Division denied the claim. The referee reversed, finding that claimant left work to accept a definite offer of other employment and was therefore not disqualified under ORS 657.176(2)(c). Employer filed an application for review by the Board. A majority of the Board reversed the referee, finding that claimant had left work, not to accept other employment, but "because he became dissatisfied with his job assignment for the remaining three days of his notice period."

---

[1] ORS 657.176(2)(c) provided (*amended* 1981 Or Laws, ch 5, § 2 and ch 751, § 2):

"(2) If the authorized representative designated by the assistant director finds:

"* * * * *

"(c) The individual voluntarily left work without good cause, * * *

"* * * * *

"the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

OAR 471-30-038(2), a rule interpreting ORS 657.176(2)(c), provides as follows:

"(2) The distinction between voluntary leaving and discharge is:

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

This rule was approved in *Employment Division v. Scott Machinery,* 48 Or App 61, 616 P2d 521 (1980). Here, as in *Scott Machinery,* the Board was authorized to make the determination whether claimant had voluntarily left work; however, the Board reached a result not supported by substantial evidence.

OAR 471-30-038(5)(a) provides:

"Leaving work with good cause includes, but is not limited to, leaving work after accepting a definite offer of other work which can reasonably be expected to continue * * *."

This provision is dispositive of the case. The referee found that claimant had quit work "after accepting a definite offer of other work which could reasonably expect to continue." He also found claimant to be a credible witness. The result reached by the Board is not only contrary to OAR 471-30-038(5)(a), it is contrary to the spirit and purpose of the law. ORS ch 657. Further, it represents a misapplication of another section, OAR 471-30-038(2). The quoted language from OAR 471-30-038(2) has application only to the usual situation where an employe is gainfully employed at a legally suitable job and then leaves without good cause. ORS 657.176(2)(c). It has no application to situations such as those at bar where the claimant has received a bona fide job offer from another firm and has given his employer due notice of his intent to leave on a date certain. This is evident from OAR 471-30-038(5)(a), which is set forth above. *Ennis v. Employment Div.,* 37 Or App 281, 587 P2d 102 (1978), is instructive here. In *Ennis* we held that where a bank employe gave a month's notice of her intention to quit following refusal of her request for a raise and where

the bank then terminated her employment before the effective date of her resignation, the employe did not become voluntarily unemployed until the effective day of her resignation. Thus, she was entitled to unemployment compensation benefits for the period between the date she was terminated and the date her resignation was to become effective.

■       On the basis of the foregoing, we reach the following conclusions:

(1)   For quitting without good cause three days before his notice period expired, claimant forfeited any right to unemployment compensation for that three day period. ORS 657.176(2)(c). For the same reason he was not entitled to compensation for the period between the date of his resignation and January 5, 1981, the date when the new job was to commence. *See also Ennis v. Employment Div.,* *supra.*

(2)   There is substantial evidence to support the Board's finding that claimant did not quit work on December 22 to accept an offer of other employment, but, rather, because of his work assignment and the higher pay offered his replacement. That finding, however, is not determinative of his eligibility for benefits after January 5, 1981.

(3)   Claimant left work to accept a definite offer of other employment. Therefore, claimant was entitled to compensation as provided by law, commencing January 5, 1981. OAR 471-30-038(4)-(5).[2] Contrary to the rationale of the Board, the fact that claimant quit without good cause three days before the effective date of his resignation did not deprive him of benefits for the period after the new job was to commence, namely, January 5, 1981.

---

[2] OAR 471-30-038(4) and (5) provide:

"(4) Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.

"(5) In applying the provisions of section (4) of this rule:

"(a) Leaving work with good cause includes, but is not limited to, leaving work after accepting a definite offer of other work which can reasonably be expected to continue and pays an amount equal to or in excess of the weekly benefit amount. * * *"

Reversed and remanded with instructions to reconsider this claim in the light of this opinion. Costs to petitioner.