On respondent Employment Division's reconsideration filed June 16, resubmitted In Banc September 6, reconsideration granted; former opinion filed April 26 (57 Or App 49, 643 P2d 1301) withdrawn; affirmed September 15, reconsideration denied November 4, petition for review denied November 30, 1982 (294 Or 149)

## GREEN,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 81-AB-413, CA A20750)

650 P2d 1077

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem, for petition.

Jan L. Perkins, Oregon Legal Services Corporation, Klamath Falls, contra.

VAN HOOMISSEN, J.

Thornton, J., dissenting.

## VAN HOOMISSEN, J.

The Employment Division petitions for reconsideration and modification of our decision in this case. *Green v. Employment Division,* 57 Or App 49, 643 P2d 1303 (1982). We now conclude that our former decision is incorrect. We therefore withdraw it and affirm.

Claimant appeals an order of the Employment Division denying him unemployment benefits. The issue is whether he voluntarily left work without good cause. If he did, he is disqualified from the receipt of benefits.[1]

Claimant worked for employer as a sheet metal worker for approximately two-and-one-half years until December 22, 1980. His hourly rate was $8 per hour. He received a job offer from another firm and gave his employer two weeks' notice that he would be leaving on December 24. The new job was to begin January 5, 1981, and would pay $9 per hour. He reported for work at his old job on December 22, but did not actually perform any work that day. Instead, he quit that day, because he was dissatisfied with his job assignment for that day and with the higher pay rate being offered his replacement. That was three days before the end of his notice period. Continuing work was available for him through his notice period, had he not quit his job on December 22. When he reported for work at the new job on January 5, his new employer informed him that due to a reduction in work orders, no job was available. He then filed his claim.

The Division denied the claim. The referee reversed, finding that claimant had left work to accept a

---

[1] ORS 657.176(2)(c) provided (now amended by Or Laws 1981, ch 5, § 2 and ch 751, § 2):

"(2) If the authorized representative designated by the assistant director finds:

" * * * * *

"(c) The individual voluntarily left work without good cause * * *.

" * * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

definite offer of other employment and was therefore not disqualified under ORS 657.176(2)(c).[2] Employer sought review by the Employment Appeals Board, which reversed the referee, finding that claimant had left work, not to accept other employment, but "because he became dissatisfied with his job assignment for the remaining three days of his notice period." The Board concluded that:

" * * * [T]he most reasonable alternative would have been for the claimant to continue working until the new offer of work was to start. As a reasonable alternative existed which was not pursued, a disqualification from benefits is required."

OAR 471-30-038, a rule interpreting ORS 657.176(2)(c), provides in pertinent part:

"(1)   As used in ORS 657.176, with the exception of the provision of ORS 657.221(2)(a), *the date an individual is separated from work is the date the employer-employe relationship is severed.* * * *

" * * * * *

"(2)   The distinction between voluntary leaving and discharge is:

"(a)   If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b)   If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge." (Emphasis supplied.)

This rule was approved in *Employment Division v. Scott Machinery,* 48 Or App 61, 616 P2d 521 (1980), in which we recognized that application of the rule necessarily requires the fact-finder to focus on the immediate reasons for a separation, regardless of whether the employment relationship would have terminated a short time later for different reasons.

Here, as in *Scott Machinery,* the Board was authorized to make the determination whether claimant had

[2] OAR 471-30-038(5)(a) provides in pertinent part:

"Leaving work with good cause includes, but is not limited to, leaving work after accepting a definite offer of other work which can reasonably be expected to continue and pays an amount equal to or in excess of the weekly benefit amount. * * *"

voluntarily left work without good cause. It did so, and its findings and conclusions are supported by substantial evidence in the record. The evidence is undisputed that petitioner could have continued to work for the same employer for an additional period of time. His separation, therefore, constituted a voluntary leaving of work without good cause.

Reconsideration granted; former opinion withdrawn; affirmed.

**THORNTON, J.,** dissenting.

I dissent. As explained below, in my view the decision of the Board, which the majority now affirms, is in error on two counts: First, it is contrary to the applicable rule, and, second, it is not supported by substantial evidence.

Although the Board was authorized to make the determination whether claimant had voluntarily left work, *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), an examination of the record establishes that the Board reached a result that is contrary to law and not supported by substantial evidence. *See Employment Division v. Scott Machinery,* 48 Or App 61, 616 P2d 521 (1980).

The central issue involved in this appeal is whether claimant left his work without good cause. In order to resolve this issue we must decide which one of two arguably conflicting regulations should be controlling under the facts of this case. The majority applies the first regulation, OAR 471-30-038(2) and dismisses the second without discussing it. OAR 471-30-038(5)(a). Contrary to the majority's view, it is my conclusion that the first regulation has no application under the facts of this case. It is the second regulation that is controlling here.

The first regulation is OAR 471-30-038(2):

"(2) The distinction between voluntary leaving and discharge is:

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is

not allowed to do so by the employer the separation is a discharge."

The second regulation is OAR 471-30-038(4) and (5)(a). It provides:

"(4)   Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.

"(5)   In applying the provisions of section (4) of this rule:

"(a)   Leaving work with good cause includes, but is not limited to, leaving work after accepting a definite offer of other work which can reasonably be expected to continue * * *."

The referee found that claimant had quit work "after accepting a definite offer of other work which could reasonably expect to continue." He also found claimant to be a credible witness. The result reached by the Board and affirmed by the majority is not only contrary to OAR 471-30-038(5)(a), it is not supported by substantial evidence and is contrary to the spirit and purpose of the law. ORS ch 657. Further, it represents a misapplication of the first regulation, OAR 471-30-038(2). The quoted language from OAR 471-30-038(2) has application only to the usual situation where an employe is gainfully employed at a legally suitable job and then leaves without good cause. ORS 657.176(2)(c). It has no application to situations such as that at bar where the claimant has received a bona fide job offer from another firm and has given his employer due notice of his intent to leave on a date certain. This is evident from OAR 471-30-038(5)(a), set forth above. *Ennis v. Employment Div.,* 37 Or App 281, 587 P2d 102 (1938), is instructive here. In *Ennis,* a pre- *McPherson* case, we held that where a bank employe gave a month's notice of her intention to quit following refusal of her request for a raise and where the bank then terminated her employment before the effective date of her resignation, the employe did not become voluntarily unemployed until the effective day of her resignation. Thus, she was entitled to unemployment compensation benefits for the period between the date she

was terminated and the date her resignation was to become effective.

In summary, what we have here, as I view it, is at most a colorable conflict between two regulations. As with two conflicting statutory provisions, it is axiomatic that it is the duty of the court to harmonize them if possible, not to accept one and to disregard the other, as the Board has chosen to do. Regulations, like statutes, must be construed as a whole with a view to effecting the overall policy that they are intended to promote, and not in part or in sections. *Wimer v. Miller,* 235 Or 25, 383 P2d 1005 (1963); *Rivers v. SAIF,* 45 Or App 1105, 610 P2d 288 (1980). The fact that claimant quit without good cause three days before the effective date of his resignation should not deprive him of benefits for the period after the new job was to commence.

Gillette, Warden and Young, JJ., join in this dissenting opinion.