# PEMBROKE,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

(83-AB-1429-A; CA A29503)

680 P2d 17

Jossi Davidson, Silverton, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals from a denial of unemployment benefits, contending that the Employment Appeals Board erred in concluding that she left work voluntarily and without good cause.

EAB found:

"(1) Claimant worked for the above employer from March 10, 1979 through March 2, 1983 as a dental assistant, closing at $50 a day for about three days a week. (2) On March 3, claimant and her employer met at claimant's request to discuss several points of dissatisfaction to her. (3) She was unhappy about the fact that: (a) he had taken her off salary and put her on the daily wage of $50. (b) She was only working three days a week, down from four and a half. This was done to accommodate the effects of the economic slump on his business. (c) She was concerned about being able to take her three weeks of accumulated vacation a year. This became a concern as the other dental assistant had accumulated two weeks of vacation and the office policy was that everybody took vacation at the same time. And claimant could not foresee the doctor taking five weeks a year. (d) She was unhappy having to work with the doctor's wife at the office. (e) The staff meetings had deteriorated into non-productive bickerings. (4) During this conversation, the employer then picked up the phone, telephoned his wife, and asked her to work that day. (5) At that time, the claimant stood up, took her purse, and was ready to go out the door when the employer asked if she was serious about leaving. (6) The claimant indicated that she was. (7) The claimant admitted that she had, in fact, quit her employment."

Findings (6) and (7) are not supported by the record, because they are incomplete statements of the uncontradicted testimony. Both claimant and the doctor agreed that the substance of their discussion was that, if the problems could not be worked out, claimant would leave but that she was willing to stay on for whatever time it took the doctor to obtain a replacement. It is undisputed that the doctor stated that if claimant was dissatisfied, she would have to leave immediately, that his policy was that "anyone who has quit is gone that day" and that "if she was going to quit she was going to have to do it and not hang around." At the hearing, claimant was asked if she "knew the difference between being fired and quitting." She said that she did, and when asked

whether she quit or was fired, she said that she quit. That was a correct statement in the lay sense, but it is clear that she was willing to continue working for an indefinite period and that the doctor would not permit her to do so.

In its conclusions and reasons, EAB, with one member dissenting, referred to OAR 471-30-038(2), which provides, in its entirety:

"(2) The distinction between voluntary leaving and discharge is:

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

EAB, however, quoted only subsection (a) and stated:

"* * * Here, the claimant was the initiating party in the work separation. It was her decision to leave during the conversation with her employer. She indicated at that time, an unwillingness to continue her future employment. Subsequent comments between her and the employer do not change the work separation."

Given the record before EAB, as indicated above, it is necessary for it to address subsection (b) of the rule. That subsection relates directly to the last sentence in EAB's "conclusion and reasons." EAB has a duty to address the criteria set forth in the rule. *Employment Division v. Scott Machinery,* 48 Or App 61, 616 P2d 521 (1980).

Reversed and remanded for reconsideration.