**Joel L. DIRINGER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF THE STATE OF COLORADO; and Department of Labor and Employment, Division of Employment and Training; and Reckseen and Lau, P.C., Respondents.**

No. 84CA0821.

Colorado Court of Appeals,
Div. I.

Aug. 15, 1985.

Rehearing Denied Sept. 19, 1985.

Certiorari Denied Jan. 13, 1986.

Richard A. Hostetler, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Dept. of Labor and Employment.

No appearance for Reckseen and Lau, P.C.

VAN CISE, Judge.

Joel L. Diringer, claimant, seeks review of an order of the Industrial Commission reducing his unemployment compensation benefits by the maximum amount consistent with federal law. We set aside the order.

Claimant had worked as an associate with a two-man law firm for approximately ten months when, in early June 1983, he informed the partners that he would probably be leaving the firm on September 30 to move to California to enable his wife to pursue a graduate degree. One of the partners told claimant a few days later that the firm planned to hire a replacement for claimant as soon as possible, and that claimant's status with the firm was uncertain. At that time, claimant told the partner of his desire to stay with the firm through September.

On June 29, claimant was told that June 30 would be his last day of work. The firm had not hired a replacement for claimant at the time of his termination. The employer indicated to claimant that there would have been no problem with claimant's continuing to work for the firm if he had not told them of his intention to leave in September.

The Industrial Commission found that claimant initiated his separation from employment when he informed his employer that he would be leaving in the fall and that, by ending claimant's employment on June 30, the employer "was merely not requiring the claimant to work out his notice." Claimant's separation from employment was a circumstance totally within his own control, the Commission found, because claimant was quitting to move to another area for personal reasons. Thus, the Commission concluded that claimant's benefits were subject to the maximum reduction consistent with federal law.

The issue raised by claimant on review is whether an employee who resigns as of a future date but who is terminated earlier may be denied unemployment benefits for

the period between his termination and the effective date of his resignation. We hold that an employee terminated under these circumstances is eligible for a full award of benefits for this period.

"[C]laimant cannot be said to have chosen to be unemployed and unpaid during the period between [his] termination and the effective date of [his] resignation." *Ennis v. Employment Division*, 37 Or. App. 281, 587 P.2d 102 (1978). Thus, he was unemployed for this period through no fault of his own, and, accordingly, he must be awarded full unemployment benefits for such period. *See* § 8–73–108(1)(a), C.R.S. (1984 Cum.Supp.); *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981).

The order of the Commission is set aside and the cause is remanded to the Commission for entry of an award of full benefits for the period from June 30 to September 30, 1983.

PIERCE and STERNBERG, JJ., concur.