STONE, Judge.
This is an appeal from an order of the Unemployment Appeals Commission granting unemployment benefits to a county employee who had previously resigned. On September 2, 1985, the employee, Loreto, submitted an unconditional letter of resignation to be effective in February, 1986. A representative of the county orally accepted the resignation, but suggested that Lor-eto reconsider, and allegedly advised him that he could have the option of subsequently withdrawing the letter. However, the following day the county in writing unconditionally accepted the resignation. In January, Loreto attempted to withdraw his resignation, but the county refused to retract its acceptance.
The appeals referee found that although the claimant had set in motion the events leading to his termination, there was a binding agreement by the employer that the employee could subsequently change his mind. It is undisputed that, generally, once an employee has resigned, his employer is under no obligation under Chapter 443, Florida Statutes, to permit the withdrawal of the resignation. See Nofrio v. Department of Labor and Employment Security, Unemployment Appeals Commission, 442 So.2d 268 (Fla. 2d DCA 1983); W.M. Palmer Co. v. Meeks, 354 So.2d 893 (Fla. 1st DCA 1978).
The Board of County Commissioners contends that the referee erroneously applied contract principles in reaching her decision, although no valid contract existed. It points out that even if contract law applies, there was no consideration for the alleged “option”, and that it would have been effectively revoked by the county’s unconditional acceptance of the resignation on the following day.
The Unemployment Appeals Commission’s position is that, regardless of contract law, and even in the absence of any reliance or other consideration, once the offer to withdraw his resignation was made to the employee, the failure of the county to honor it constitutes a “termination” of the employment.
We conclude that the referee erred in determining that the gratuitous statement by the supervisor could not be retracted by the county. The letter was in fact an unconditional resignation. The finding that Loreto was “terminated” by the county was, therefore, not supported by substantial competent evidence. Cf Nofrio; W.M. Palmer Company. Having voluntarily left his employment without good cause attributable to his employer, Loreto is not entitled to unemployment benefits. The order of the Unemployment Appeals Commission requiring payment of benefits is reversed.
GUNTHER, J., and WEBSTER, PETER D., Associate Judge, concur.