Argued and submitted December 14, 1987, affirmed March 9, 1988

LEONARD,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(87-AB-700; CA A44329)

750 P2d 1186

Robert A. Sacks, Portland, argued the cause for petitioner. On the brief were Henry H. Drummonds, Amy Holmes Hehn and Kulongoski, Durham, Drummonds & Colombo, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Columbia River Log Scaling & Grading Bureau.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

In this unemployment compensation case, claimant seeks review of an Employment Appeals Board order denying him unemployment compensation benefits. We affirm.

The material facts are not in dispute. Claimant has worked for employer as a log scaler since 1972. Under the collective bargaining agreement between employer and the union representing claimant, the most junior employes must be laid off first when layoffs are necessary because of lack of work. However, that agreement also provides that a more senior employe may waive his seniority rights voluntarily and allow employer to select him for layoff instead of an employe junior to him. Claimant voluntarily waived his seniority rights, because he thought that he was better able to endure the financial hardships of a layoff than more junior employes. Employer laid him off for a period of weeks in January and February, 1986, due to lack of work. If claimant had not voluntarily waived his seniority rights, an employe junior to him would have been laid off.

Claimant was initially granted unemployment benefits. The Employment Division (Division) later reexamined his claim and decided that he did not qualify for benefits, because he had voluntarily left work without good cause. After a hearing, the referee agreed that claimant did not qualify for benefits. EAB affirmed the referee.

ORS 657.176(2)(c) provides, in pertinent part:

"(2) An individual shall be disqualified from the receipt of [unemployment compensation] benefits * * * if * * * the individual:

"* * * * *

"(c) Voluntarily left work without good cause * * *."

The central issue is whether claimant left work "voluntarily" within the meaning of ORS 657.176(2)(c). Division has promulgated OAR 471-30-038(2)(a), which provides, in part:

"If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work * * *."[1]

---

[1] Division has the delegated responsibility to define the statutory phrase "voluntarily left work." *Employment Division v. Scott Machinery,* 48 Or App 61, 66-67, 616 P2d 521 (1980).

The uncontroverted evidence, including claimant's own testimony, is that he could have continued to work during the layoff period if he had not voluntarily waived his seniority rights. It follows that he "voluntarily left work" within the meaning of ORS 657.176(2)(c).

We next inquire whether claiment left work "without good cause" under ORS 657.176(2)(c). OAR 471-30-038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

Although claimant's reason for waiving his seniority rights is commendable, it clearly does not meet the test of "good cause" in the rule. Claimant thus "voluntarily left work without good cause" and does not qualify for unemployment compensation benefits. ORS 657.176(2)(c).[2]

Affirmed.

---

[2] Claimant contends that employer untimely contested his claim and that Division improperly reopened his claim. Those arguments lack merit and require no discussion.