603 So.2d 118 (1992)
Mamie L. JONES, Appellant,
v.
CREATIVE WORLD SCHOOL, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 91-04116.
District Court of Appeal of Florida, Second District.
August 5, 1992.
*119 Mamie L. Jones, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
PER CURIAM.
Claimant, Mrs. Jones, appeals the decision of the Florida Unemployment Appeals Commission (UAC) reversing the appeals referee's decision that she had not voluntarily left her employment without good cause attributable to her employer but had been discharged without good cause. Because the UAC substituted its factual findings for those of the referee, we reverse.
At the hearing before the appeals referee, claimant testified that she had told the regional director on June 10, 1991, that she might relocate to Seattle, Washington to live with her daughter. Within a short time after this conversation, claimant told the regional director that she had changed her mind and would not be moving because her son would be having surgery. The regional director testified that claimant had told her she would be relocating to Seattle and would no longer be working after June 28, 1991. A replacement had been hired to begin work the following Monday.
The appeals referee apparently believed the claimant's testimony and found that the claimant had not voluntarily left her employment but had been discharged for reasons other than misconduct. Claimant had not been warned prior to July 1 that she would be fired for failure to obtain 26 hours of required training. Claimant had obtained 24 hours, and the employer testified that she would not have been fired for falling two hours' short. The UAC reversed the referee's decision, ostensibly based on the referee's making an erroneous conclusion of law that the claimant had not left voluntarily.
The question of whether a claimant left voluntarily is one of fact. Verner v. Unemployment Appeals Comm'n, 474 So.2d 909 (Fla.2d DCA 1985). The UAC may reverse a finding only when the referee's decision is not based on substantial, competent evidence. C.F. Chemicals, Inc. v. Department of Labor and Employment Security, 400 So.2d 846 (Fla.2d DCA 1981). Because we find that the record supports the referee's determination that the claimant did not voluntarily leave her employment, the UAC erred in reversing the decision.
Accordingly, the order of the UAC is reversed and the decision of the appeals referee is reinstated.
LEHAN, C.J., and RYDER and DANAHY, JJ., concur.