PER CURIAM.
The appellant, Gity Supervizer, challenges the order of the Unemployment Appeals Commission denying her claim for unemployment compensation. We reverse.
After appellant worked the last day that she was scheduled by her employer, Bur-dines, Inc., she filed a claim for unemployment compensation. There was a hearing before the appeals referee and the referee concluded that appellant was entitled to benefits. The referee noted a conflict in the evidence and concluded that appellant was discharged for reasons other than misconduct connected with her work. Burdines appealed the referee’s decision to the Unemployment Appeals Commission (UAC). The UAC reversed the decision of the appeals referee and denied benefits to the appellant. Appellant filed a timely notice of appeal with this court.
The UAC may reverse a finding of the appeals referee only when the referee’s decision is not based on competent, substantial evidence. Jones v. Creative World School, Inc., 603 So.2d 118 (Fla. 2d DCA 1992).
In the instant case, as well as in Jones, the appeals referee believed the claimant’s testimony and found that the claimant had not voluntarily left her employment but had been discharged for reasons other than miscon *204 duct. The record shows that while there was conflicting evidence, there was competent, substantial evidence to support the referee’s conclusion. Thus, we find that the UAC erred in reversing the decision of the appeals referee.
Accordingly, the order of the UAC is reversed and the decision of the appeals referee is reinstated.
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.