QUINCE, Judge.
The claimant, Paul C. DiCataldo, appeals an order of the Florida Unemployment Appeals Commission (UAC) reversing the appeals referee’s decision that he was entitled to benefits because he was not fired due to misconduct. We reverse.
The claimant was a rooms engineering manager for Resort Inns of America, Inc. He was in charge of a tile cutter assigned to his department. An employee borrowed the tile cutter without permission and kept it for several months. When the cutter was returned, it was in need of repair. The claimant took the cutter home to repair it. He decided to keep the tile cutter at his home, *1119 which was about five minutes from his place of employment, until he could find a secure place to store it to prevent unauthorized use. The tile cutter was stolen from an unlocked area of the claimant’s garage before he could return it to the hotel. When claimant’s employer was informed of the theft, the claimant was discharged for violating a company policy that prohibited the taking of employer’s property by employees without prior authorization by management.
The appeals referee believed the claimant’s testimony that his actions were not intended to deprive the employer of the property. The referee found that although the claimant exercised poor judgment in leaving the tile cutter in an unlocked area, his actions were reasonable in light of the recent occurrences at work. The referee also found the claimant believed he had the discretion as a manager to take the cutter home for repair and storage. Therefore, the referee concluded the claimant was entitled to benefits since he was not discharged due to misconduct.
The UAC reversed the appeals referee’s decision, holding the referee made an incorrect conclusion of law in finding no misconduct. In addition, the UAC made modifications to the findings of fact which were in conflict with facts found by the referee. The UAC indicated the conduct of the claimant was egregious since he was a manager. However, the referee found the conduct reasonable. These findings were based on credibility determinations. Such determinations are within the province of the trier of fact, in this instance, the referee.
The UAC may only modify or reverse the findings and conclusions of an appeals referee where the referee’s findings and conclusions are not based on substantial, competent evidence. Jones v. Creative World School, Inc., 603 So.2d 118 (Fla.2d DCA 1992); Verner v. UAC, 474 So.2d 909 (Fla.2d DCA 1985). There was substantial, competent evidence to support the findings of fact and the conclusion that the claimant was discharged for reasons other than misconduct. Therefore, it was error for the UAC to reverse the decision of the appeals referee.
Accordingly, we reverse the order of the UAC and reinstate the decision of the appeals referee.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.