PER CURIAM.
The appellant, Peter J. Liberantowski, challenges the order of the Florida Unemployment Appeals Commission (UAC) which denied his claim for unemployment compensation benefits. We reverse.
The appellant was discharged from Kash N’ Karry and subsequently filed a claim for unemployment compensation benefits. The appeals referee found that the appellant’s conduct did not rise to the level of misconduct connected with work necessary to disqualify him from receipt of unemployment compensation benefits. In reversing the decision of the appeals referee, the UAC found that the appellant’s actions constituted misconduct and that he was therefore disqualified from receipt of unemployment compensation benefits. The appellant filed a timely notice of appeal.
The UAC may reverse a finding of the appeals referee only when the referee’s decision is not based on competent, substantial evidence. Supervizer v. Burdines, Inc., 638 So.2d 203 (Fla. 2d DCA 1994).
In the instant case, the appeals referee heard testimony from the appellant as well as from two managers of Kash N’ Karry. Based on that testimony, the appeals referee believed that the appellant had been discharged for reasons other than misconduct connected with work. The record indicates that the decision of the appeals referee was supported by competent, substantial evidence. Therefore, we find that the UAC erred in reversing the decision of the appeals referee.
Accordingly, the decision of the UAC is reversed and the cause is remanded with instructions to reinstate the decision of the appeals referee.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.