665 So.2d 373 (1996)
George FINK, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Home Depot USA Inc., Appellee.
No. 94-1815.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Mary Anne Robertson, Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellant.
John D. Maher, Tallahassee, for Appellee-UAC.
PER CURIAM.
Claimant, George Fink, appeals from a final order of the Unemployment Appeals Commission (UAC) affirming the decision of the appeals referee which denied him entitlement to unemployment compensation benefits. We affirm because there is competent substantial evidence in the record to support a finding of misconduct arising from a violation of the employer's written policy.
Claimant filed for unemployment benefits against his employer, Home Depot USA, Inc. (Home Depot), following his discharge due to an alleged violation of Home Depot's conflicts of interest policy. A claims adjudicator had initially determined claimant was entitled to benefits, but this decision was reversed by the appeals referee.
Home Depot's policy concerning conflicts of interest prohibits employees "from accepting tips or work from a Home Depot customer." *374 As an example of such conflict, the policy provides that employees are barred from "doing work for Home Depot customers using Home Depot products." Claimant acknowledges the policy and agrees that Home Depot's policy precluded him from soliciting or accepting work from Home Depot customers. He understood this policy to prohibit him from on-site solicitation of customers. Claimant denied that he ever solicited from customers in the store.
Although Home Depot alleged that claimant had solicited work from individuals who were shopping in the store, which claimant denied, the appeals referee found that "the employer failed to show that the claimant solicited this work while on the job." Despite this finding, the appeals referee concluded that claimant's actions violated "both the letter and the intent" of Home Depot's policy.
The facts, as found by the appeals referee, demonstrated that the claimant violated this policy on numerous occasions. Claimant, a sales associate for Home Depot, maintained a side business doing electrical work. The referee found that during the course of claimant's employment with Home Depot, claimant would suggest to his electrical business clients that they purchase their materials at Home Depot. Following claimant's advice, his electrical clients would go to Home Depot and purchase their necessary supplies. Afterwards, claimant would perform the electrical work for these individuals, using the products that he had directed them to purchase from Home Depot. The referee could easily conclude that the people who purchased materials from Home Depot at claimant's direction met any reasonable definition of a "Home Depot customer." Such a conclusion is far from surprising and amply supported by the record.
Due to claimant's violation of the employer's policy, one of the evils which the referee determined that the policy was designed to prevent actually occurred. Claimant directed one of his electrical clients to buy certain materials from Home Depot so that claimant could complete some electrical work. When the client became disenchanted with claimant's performance, he repeatedly called claimant at Home Depot to complain. At one point, the client lodged a complaint with management at Home Depot about claimant. This incident had the effect of directly and indirectly dragging Home Depot into the middle of claimant's private dispute with one of its customers.
Where an employee intentionally violates company policy, as the referee found in this case, or ignores standards of behavior which the company is entitled to expect from an employee, as the referee also found, that employee will be disqualified from receiving unemployment compensation on grounds of misconduct. See Trinh Trung Do v. Amoco Oil Co., 510 So.2d 1063 (Fla. 4th DCA 1987); § 443.036(26), Fla. Stat. (1993).
The Florida Unemployment Appeals Commission adopted the finding of the appeals referee who conducted the hearing below and concluded the claimant's violation amounted to misconduct connected with work. Indeed, the UAC was duty bound to affirm the findings of misconduct made by the referee because those findings were based on competent, substantial evidence in the record. Palmere v. Computerland, 626 So.2d 1114 (Fla. 4th DCA 1993); Jones v. Creative World School, Inc., 603 So.2d 118 (Fla. 2d DCA 1992); David Clark & Assocs., Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980). Likewise, this court must affirm the decision of the UAC based on the well-established and familiar legal principle that an administrative agency's action should be sustained on appeal if based upon any acceptable view of the evidence. See Brown v. Unemployment Appeals Comm'n, 633 So.2d 36 (Fla. 5th DCA), review denied, 642 So.2d 1362 (Fla. 1994).
PARIENTE, STEVENSON and SHAHOOD, JJ., concur.