BENTON, J.
 

 Shirley Porter appeals a final order of the Unemployment Appeals Commission (the Commission) affirming an appeals referee’s decision holding her disqualified from receiving unemployment benefits because she voluntarily left work without good cause attributable to her employer. Finding no competent and substantial evidence in the record that supports the referee’s finding that she left work voluntarily, we reverse.
 

 At issue here is whether the employer proved a “voluntary quit” on August 7, 2007. “After a claimant proves that her employment has ended and that she has not worked for at least a week, the burden shifts to the employer to prove either a voluntary quit,
 
 see Gulf County Sch. Bd. v. Washington,
 
 567 So.2d 420 (Fla.1990), or a discharge attributable to the employee’s misconduct connected with work.
 
 See Lewis v. Lakeland Health Care Ctr., Inc.,
 
 685 So.2d 876, 878 (Fla. 2d DCA 1996).”
 
 Gilbert v. Dep’t of Corr.,
 
 696 So.2d 416, 417-18 (Fla. 1st DCA 1997).
 

 Ms. Porter worked full-time as a cook for Allen Children Centers (the Center) from May 23, 2007 through August 7, 2007. On July 27, 2007, because “[tjhings just weren’t going right,” she submitted a resignation letter to her employer which was to become effective two weeks later, on August 10, 2007. The Center never formally accepted appellant’s resignation, as far as can be told from the record.
 

 But the Center immediately placed an ad, began interviewing potential replacements, and on August 6, 2007, hired a replacement cook who was able to start working immediately. On August 7, 2007, the executive director of the Center told appellant to “leave” because the Center had hired another cook to replace her and
 
 *1103
 
 could not afford to pay two cooks simultaneously.
 

 The appeals referee found that appellant voluntarily left work (without good cause attributable to her employer) on August 7, 2007. The Commission affirmed the referee’s decision and, on that basis, disqualified her from receiving unemployment benefits. On appeal, appellant contends she was denied benefits illegally, arguing that she did not leave work voluntarily, as a matter of fact, but was instead “dismissed” on August 7, 2007.
 

 The question whether claimant left work voluntarily is one of fact and thus “within the province of the appeals referee.”
 
 Roman v. A-l Specialty Gasolines, Inc.,
 
 682 So.2d 1241, 1242 (Fla. 1st DCA 1996) (citing
 
 Campeanu v. Fla. Unemployment Appeals Comm’n,
 
 629 So.2d 1015, 1016 (Fla. 4th DCA 1993));
 
 see also Jones v. Creative World Sch., Inc.,
 
 603 So.2d 118, 119 (Fla. 2d DCA 1992);
 
 Ritenour v. Unemployment Appeals Comm’n,
 
 570 So.2d 1106, 1107 (Fla. 5th DCA 1990). But this court must reverse the Commission’s decision to affirm the referee’s findings where, as here, competent, substantial evidence does not support the findings.
 
 See Fillmore v. Fla. Unemployment Appeals Comm’n,
 
 873 So.2d 1256, 1256 (Fla. 1st DCA 2004); see
 
 also
 
 § 120.68(7)(b), Fla. Stat. (2007).
 

 The appeals referee found that “[o]n August 7, 2007, the claimant voluntarily quit her employment with the employer because things were not working out.” Although appellant testified that she submitted her two-week notice of resignation which would have become effective on August 10, 2007, because “[t]hings just weren’t going right,” appellant actually left work on August 7, 2007, three days before her resignation was to become effective, when her employer told her to leave because it had hired a cook to replace her and could not pay two cooks simultaneously. Accordingly, no competent and substantial evidence supports the referee’s conclusion that appellant left work voluntarily on August 7, 2007.
 

 We have found no Florida case addressing an unemployment compensation claimant’s entitlement to benefits when, after submitting a notice of resignation that specifies an effective date, the claimant is discharged prior to the date the resignation takes effect.
 
 *
 
 Other state courts deciding the question overwhelmingly hold that an employee who submits a voluntary notice of resignation is not disqualified from receipt of benefits when he or she is terminated prior to the effective date of the resignation.
 

 One line of decisions holds that an employee whose employer terminates her employment prior to the effective date of her resignation has never left work voluntarily and therefore cannot be disqualified from receipt of benefits on that basis, even for the period following the employee’s intended date of departure.
 
 See Dillard Dep’t Stores, Inc. v. Polinsky,
 
 247 Neb. 821, 530 N.W.2d 637, 643 (1995); W.
 
 Jordan v. Morrison,
 
 656 P.2d 445, 446-47 (Utah 1982);
 
 Vieweg v. Gatson,
 
 209 W.Va. 268, 546 S.E.2d 267, 270-71 (2000);
 
 see also
 
 
 *1104
 

 Mauro v. Adm’r, Unemployment Comp. Act,
 
 19 Conn.Supp. 362, 113 A.2d 866, 866-67 (1954);
 
 Cotright v. F.C. Doyal,
 
 195 So.2d 176, 179 (La.Ct.App.1967);
 
 Coleman v. Miss. Employment Sec. Comm’n,
 
 662 So.2d 626, 628 (Miss.1995). We find this view persuasive, and adopt it as our own.
 

 Another line of cases holds that unemployment compensation benefits must be limited to the period between the date of an employee’s discharge and the effective date of his resignation.
 
 See Diringer v. Indus. Comm’n of the State of Colo.,
 
 712 P.2d 1091, 1091-92 (Colo. Ct.App.1985);
 
 Mason v. Donnelly Club,
 
 135 Idaho 581, 21 P.3d 903, 908 (2001);
 
 Redline Express, Inc. v. State of Kan. Employment Sec. Bd. of Review,
 
 27 Kan.App.2d 1067, 11 P.3d 85, 89 (2000);
 
 Stephen’s Nu-Ad, Inc. v. Green,
 
 168 MichApp. 219, 423 N.W.2d 625, 627-29 (1988);
 
 Ennis v. Employment Div.,
 
 37 Or. App. 281, 587 P.2d 102, 103 (1978);
 
 Amado v. Unemployment Comp. Bd. of Review,
 
 177 Pa.Super. 506, 110 A.2d 807, 808 (1955). Even these cases recognize that discharge before the effective date of a resignation is not a voluntary quit.
 

 We conclude that because appellant never left work voluntarily but was instead discharged from employment on August 7, 2007 (for reasons not related to misconduct connected with her work), she is entitled to recover unemployment compensation benefits under section 443.101(l)(a), Fla. Stat. (2007), notwithstanding the offer she had made to resign effective August 10, 2007.
 

 We accordingly reverse the Commission’s decision affirming the referee’s decision finding appellant disqualified from receiving benefits.
 

 Reversed and remanded.
 

 WOLF and BROWNING, JJ., concur.
 

 *
 

 But see W.M. Palmer Co. v. Meeks,
 
 354 So.2d 893, 894 (Fla. 1st DCA 1978) (holding that employee who had advised employer of her intention to resign so that she could stay home with her children and who, at employer's request, agreed to continue working for a short period of time but never withdrew her voluntary resignation notice, was disqualified from receiving unemployment benefits after employer, having found a replacement, advised her that her services would no longer be required). The
 
 Meeks
 
 court thus declined to penalize an employer for permitting an employee to work beyond the date a resignation would otherwise have become effective.