SCHWARTZ, Senior Judge.
 

 On sufficient evidence, the appeals referee found that the appellee was discharged for carelessness in the performance of his job which did not rise to the level of “misconduct,” as required to disqualify him from receiving unemployment compensation benefits.
 
 [1]
 
 The affir-mance of that decision by the Florida Unemployment Appeals Commission is itself affirmed.
 
 See Fink v. Fla. Unemployment Appeals Comm’n,
 
 665 So.2d 373, 374 (Fla. 4th DCA 1996);
 
 see also Garcia v. Viking Life-Saving Equip. Am., Inc.,
 
 728 So.2d 295, 296 (Fla. 3d DCA 1999);
 
 Miller v. Barnett Bank of Broward County,
 
 650 So.2d 1089, 1090 (Fla. 3d DCA 1995);
 
 Spaulding v. Fla. Indus. Comm’n,
 
 154 So.2d 334, 337 (Fla. 3d DCA 1963).
 
 [2]
 

 The fact that, as the employer argues, the employee may have been cited for previous mistakes, none of which involved
 
 *198
 
 misconduct, does not affect the result. Several zeros are still zero.
 
 [3]
 

 See Poole v. J.B. Hunt Trans., Inc.,
 
 703 So.2d 1158 (Fla. 2d DCA 1997).
 

 Affirmed.
 

 [1]
 

 . The appeals referee’s decision stales:
 

 The claimant worked as a mechanic general laborer from April 24, 2006, through July 1, 2009. The claimant was aware of the employer’s policies regarding the loading of trucks and general safety procedures. On July 1, 2009, the claimant failed to properly secure an item to the back of his pick-up truck. The item fell off the truck while the claimant was driving. The claimant attempted to turn the vehicle around as soon as the traffic would allow him. When he returned to the area of road, he found the item had been taken away. The claimant did not see who took the item. He returned to the job site and reported what had happened. The claimant offered to pay for the item out of his paycheck. The claimant was discharged for not following safety procedures which resulted in a financial loss to the employer.
 

 [2]
 

 .
 
 Spaulding,
 
 154 So.2d at 337 (quoting
 
 Boynton Cab. Co. v. Neubeck,
 
 237 Wis. 249, 296 N.W. 636, 642 (1941)), states: "mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment of discretion are not to be deemed 'misconduct' within the meaning of the statute’’.
 

 [3]
 

 . As
 
 Poole,
 
 703 So.2d 1159-60, explains:
 

 Whether an employee works in a factory, a restaurant, or driving a truck, the employer may have good cause to terminate the worker for inattention or clumsiness that results in several preventable accidents. Merely having a company rule requiring employees to be careful, however, does not transform several negligence acts into misconduct. The statute defines "misconduct” to include "carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.” § 443.036(26)(b), Fla. Stat. (1995).
 

 Misconduct, as defined in section 443.036(29)(b), Florida Statutes (2009), likewise reflects the requirement of: "Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee's duties and obligations to his or her employer.”